### GARNER VS. GANTT.

1. An acknowledgment of the service of a writ, is not such service of process, as will bring one into court, or authorise a judgment by default. But where defendant appears, by attorney, and permits judgment to be had, without interposing a plea, or making any defence,—it will not afterwards be disturbed.

Error to the County court of Tuskaloosa county.

This was an action of debt, brought on an instrument under seal. On the back of the writ, there was indorsed these words: " I acknowledge legal service of this writ, July 1st, 1837." (Signed by defendant.)

The entry was—At June term, 1838, came the parties, by their attorneys, and defendant saying nothing in bar or preclusion of plaintiff's action,—it was considered by the court, that plaintiff recover, &c.

Plaintiff in error, assigned—that there was no such service of process, on defendant, in the court below, as would bring him into court, or authorise judgment ; for which cause, plaintiff prayed that judgment might be reversed.

*Porter,* for plaintiff, said—There was a want of jurisdiction over the defendant below, if not brought into court, in the mode authorised by law : And as the recital in the entry was the mere act of the clerk, the court would not presume, from the statement, that the *parties* came,—that one of those parties was the defendant. It was much more reasonable to presume, that this was a

Garner *vs.* Gantt.

common entry, used by the ministerial officer—than to allow it to give jurisdiction over one, who, (as the proceeding by which only he could be brought into court showed,) was not in.

*Peck*, contra.

ORMOND, J.—The writ, in this case, was returned without being executed by the sheriff, but with an acknowledgment of legal service by the defendant. It is now assigned for error, that there was no such service of process on the defendant, as would bring him into court, or authorise a judgment.

The position assumed by the counsel would be undoubtedly correct, if the judgment had been by default. But the record shows, that the defendant appeared, by his attorney, and permitted the judgment to be had, without interposing a plea, or making any defence. The judgment is therefore affirmed.